UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK K. DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF POULSBO, a municipal corporation; and ANDREAS PATE, in his capacity as a police officer for the City of Poulsbo, and as an individual,<br><br>　　　　　　Defendants. | Case No. C04-5742RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER |

　　　　This matter comes before the court on Defendants' Motion for Leave to Amend Answer. Dkt. 34. The court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

PROCEDURAL HISTORY AND MOTION

　　　　In this civil action, defendants filed a motion for leave to amend their answer to add the following affirmative defense: "Plaintiff's claims are barred by the applicable statute of limitations." Dkt. 34. Defendants contend that this affirmative defense was inadvertently omitted from the answer and that plaintiff will not be prejudiced because discovery has not yet taken place and the case is in the early stages of development. *Id.*

　　　　Plaintiff opposes the motion to amend the answer, arguing that amendment of the answer would be futile because the statute of limitations does not bar plaintiff's claims. Dkt. 38. In reply, defendants

ORDER
Page - 1

1  contend that a decision on the merits of the affirmative defense is premature and that they should be

2  permitted to amend the answer. Dkt. 40.

## LEGAL STANDARD

Fed.R.Civ.P. 15(a) provides in relevant part as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In deciding whether the grant a motion to amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

## DISCUSSION

In this case, defendants contend that the affirmative defense was inadvertently omitted from the original answer. Since discovery is in the early stages, it does not appear that plaintiff will be prejudiced by the amendment. The merits of the case, including affirmative defenses, should be determined at an appropriate time, after full briefing. It is not clear at this point that amendment of the answer to include a statute of limitations affirmative defense would be futile. The court should grant defendants' motion to amend the answer.

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Leave to Amend Answer (Dkt. 34) is **GRANTED**. Defendants are **ORDERED** to file the Amended Answer, Affirmative Defenses and Jury Demand **FORTHWITH**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of June, 2005.

Robert J. Bryan
U.S. District Judge